# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APS TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> VERTEX DOWNHOLE, INC., <br> VERTEX DOWNHOLE, LTD., <br><br> Defendants. | CIVIL ACTION NO: 1:19-cv-01166-MN <br><br> **JURY TRIAL DEMANDED** |

## STIPULATED DISCOVERY ORDER

After conferring on these matters, plaintiff APS Technology, Inc. and defendants Vertex Downhole, Inc. and Vertex Downhole, Ltd. (collectively, the "Parties"; individually, a "Party") hereby propose to the Court the following stipulated discovery order ("Discovery Order") for production of electronic and paper documents.

IT IS HEREBY ORDERED:

1. **General Provisions.**

    (a) This Discovery Order supplements all other discovery rules and orders, including the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") ("Default Standard") and the Protective Order in this case, except where explicitly stated otherwise.[1] It streamlines ESI production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

---

[1] In the event of any conflict between this Discovery Order and the Protective Order, this Discovery Order shall control, except where explicitly stated otherwise.

(b) The Parties hereby agree to the following protocol for production of ESI and paper ("hardcopy") documents (collectively "Documents"). The Discovery Order and the Protective Order in the above captioned matter shall govern all production in the above-captioned matter, including any appeal therefrom.

(c) This Order may be modified in the Court's discretion or by agreement of the parties. If the Parties cannot resolve their disagreements regarding such modifications, the Parties shall submit their competing proposals to of the Court in accordance with the Court's discovery dispute procedures.

(d) Except as expressly stated, nothing in this Order affects the Parties' discovery obligations under the Federal or Local Rules.

(e) **Proportionality**: The Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information. This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, and other parameters to limit and guide preservation and discovery issues.

(f) **Preservation of Discoverable Information**:

(i) Absent a showing of good cause by the requesting Party, the Parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the Parties shall preserve the non-duplicative discoverable information currently in their possession, custody, or control.

(ii) Absent a showing of good cause by the requesting Party, the categories of ESI identified in Schedule A attached hereto need not be preserved. Absent a

showing of good cause by the requesting Party, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

    (iii) Absent a showing of good cause, no Party need restore any form of media upon which backup data is maintained in a Party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

  (g) **Privilege**: The Parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.

    (i) The Parties are not required to include information generated on or after the filing of the above-captioned cases in their privilege logs for the case, absent a showing of good cause.

    (ii) Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

    (iii) Pursuant to Fed. R. Evid. 502(d), the production of privileged or work product protected information is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. Inadvertent disclosure of material protected by the attorney client privilege or the work product doctrine shall be handled in accordance with Protective Order in this case. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

2. **Specific E-Discovery Issues**

(a) **On-site inspection of electronic media**: Except as specifically provided in the Stipulated Protective Order, such an inspection shall be permitted absent a demonstration by the requesting Party of specific need and good cause.

(b) **ESI Collection**: Nothing in this Order shall require a producing Party to utilize any particular collection protocol for any particular population of ESI or entire ESI data source. For avoidance of doubt, targeted collection without the use of search terms may be used to collect potentially relevant documents from an ESI data source.

(c) **Format**: ESI and non-ESI shall be produced in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

(d) **Text-Searchable Documents**: No Party has an obligation to make its production text searchable; however, if a Party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing Party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving Party.

(e) **Footer**: Each document image shall contain a footer with a sequentially ascending production number.

**Native Files**: The Parties agree that all spreadsheets maintained in native format will be produced in native format. A Party that receives a document produced in

TIFF format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing Party shall produce the document in its native format.  The only files that should be produced in native format are files not easily converted to image format, such as Excel and Access files.

(f)     **Service**:  All documents produced pursuant to any discovery request shall be served by either hand delivery, overnight mail, or electronic file transfer, at the producing Party's election.  When service is by overnight mail, the producing Party shall send via electronic mail a copy of any cover letter accompanying the production; such copy shall be transmitted at the time of mailing.

(g)     **Source Code**:  Nothing in the instant Order shall alter the Parties' obligations to preserve and/or produce source code.  The provisions regarding discovery limitations regarding Source Code shall be set forth in the Protective Order.

Dated: June 9, 2020

| | |
|---|---|
| OFFIT KURMAN, P.A. | Respectfully submitted,<br><br>MORGAN, LEWIS & BOCKIUS LLP |
| */s/ R. Touhey Myer*<br>R. Touhey Myer (DE Bar No. 5939)<br>222 Delaware Avenue, Suite 1150<br>Wilmington, DE 19801<br>Telephone: 302.351.0908<br>Facsimile: 302.351.0915<br>touhey.myer@offitkurman.com<br><br>*Attorney for Plaintiff APS Technology, Inc.* | */s/ John V. Gorman*<br>John V. Gorman (DE Bar No. 6599)<br>Amy M. Dudash (DE Bar No. 5741)<br>The Nemours Building<br>1007 North Orange Street, Suite 501<br>Wilmington, Delaware 19801<br>Telephone: 302.574.3000<br>Fax: 302.574.3001<br>john.gorman@morganlewis.com<br>amy.dudash@morganlewis.com<br><br>*Attorneys for Defendants Vertex Downhole, Inc. and Vertex Downhole, Ltd.* |

SO ORDERED this 9th day of June, 2020.

*[signature: Maryellen Noreika]*

The Honorable Maryellen Noreika
United States District Judge

## SCHEDULE A

- Deleted, slack, fragmented, or other data only accessible by forensics.

- Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

- On-line access data such as temporary internet files, history, cache, cookies, and the like.

- Data in metadata fields that are frequently updated automatically, such as last- opened dates.

- Back-up data that are substantially duplicative of data that are more accessible elsewhere.

- Voice messages.

- Instant messages that are not ordinarily printed or maintained in a server dedicated instant messaging.

- Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere.

- Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere.

- Logs of calls made from mobile devices.

- Server, system or network logs.

- Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

- Data remaining from systems no longer in use that is unintelligible on the systems in use.