**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

APS TECHNOLOGY, INC.,

                    Plaintiff,

          v.

VERTEX DOWNHOLE, INC.,
VERTEX DOWNHOLE, LTD.,

                    Defendants.

CIVIL ACTION NO: 1:19-cv-01166-MN

**JURY TRIAL DEMANDED**

**STIPULATED PROTECTIVE ORDER**

Plaintiff APS Technology, Inc. and defendants Vertex Downhole, Inc. and Vertex Downhole, Ltd. (each individually referred to herein as a "Party," and collectively referred to herein as the "Parties") anticipate that documents, testimony, or information containing or reflecting confidential, trade secret, proprietary, personal, and other confidential research, development, financial, business, or commercial information are likely to be disclosed or produced between the Parties and by Non-Parties during the course of discovery, initial disclosures, and supplemental disclosures in the above-captioned case (the "Action"). As a result, the Parties desire to limit disclosure and prevent use of such information for purposes other than the prosecution and defense of this Action. Pursuant to Federal Rule of Evidence 26(c) and to facilitate the production and receipt of information in discovery in this Action, the Parties, by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of the following Protective Order (hereinafter "Order").

1.  <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than those specifically set forth in this Order may be warranted.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.  <u>DEFINITIONS</u>

(A)  <u>Action</u>: the above-captioned case—*APS Technology, Inc. v. Vertex Downhole*, *Inc.,* *et al.*, Civil Action No. 1:19-cv-01166-MN.

(B)  <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

(C)  <u>"CONFIDENTIAL" Information or Items</u>: information concerning a Person's or Party's business operations, processes, and technical and development information within the scope of Federal Rule of Civil Procedure 26(c)(1)(G) that the Producing Party believes is not publicly known, and which would not normally be revealed to third parties or, if disclosed, would require such third parties to maintain in confidence.  Protected Material (as defined below) that is designated CONFIDENTIAL may be disclosed only to the individuals identified in Paragraphs 7(B)(i)-(ix) below.

(D)  <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel, as well as their support staff.

(E)     <u>In-House Counsel</u>: attorneys admitted to practice in any jurisdiction of the U.S. who are employees of a Party to this Action.  In-House Counsel does not include Outside Counsel (as defined below).

(F)     <u>Designating Party</u>: a Party or Non-Party that designates Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(G)     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated during discovery, including in disclosures or responses to discovery, during this Action.

(H)     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the Action who (i) has been retained by a party or its counsel to serve as an expert witness or consultant in this Action, (ii) is not a current employee of, or consultant to, a Party or of a Party's competitor, and (iii) at the time of retention, is not anticipated to become an employee of, or consultant to, a Party or a Party's competitor.

(I)     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: information concerning a Person's or Party's business operations, processes, and technical and development information that the Producing Party believes is of such a sensitive nature that it supports a reasonable good faith belief that granting access to such information to an employee, consultant, or officer of a competitor or an opposing Party or Non-Party will place the Designating Party at a competitive disadvantage, that is not publicly known, and which the Person or Party would not normally disclose to the Receiving Party, including that would create substantial risk of serious harm that could not be avoided by less restrictive means.  Protected Material that is

designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may be disclosed only to the individuals identified in Paragraphs 7(C)(i)-(iii) below.

(J)     <u>Non-Party:</u> any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

(K)     <u>Outside Counsel of Record</u>: attorneys, as well as their employees, who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that party or are employed by a law firm which has appeared on behalf of that party.  Outside Counsel of Record does not include In-House Counsel.

(L)     <u>Party</u>: any Party to this Action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record.

(M)     <u>Producing Party</u>: any Party to this Action or any Non-Party that produces Disclosure or Discovery Material in this Action.

(N)     <u>Professional Vendors</u>: persons or entities that provide litigation support services for this Action (*e.g.*, photocopying, videotaping, translating, interpreting, preparing, and reviewing discovery material, exhibits, or demonstratives, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

(O)     <u>Protected Material</u>: any Disclosure or Discovery Material that is designated by a Producing Party as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

(P)     <u>Receiving Party:</u> any Party to this Action that receives Disclosure or Discovery Material from a Producing Party in this Action

(Q)     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE"</u> <u>Information or Items</u>: "Source Code" that may designated as "HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall include computer code, scripts, assembly

code, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, netlists, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, mask data design and fabrication computer files stored in a "GDS" or related file format, process-flow documents related to the fabrication of circuit boards, and other documents that provide the same definition or detailed description of the algorithms or structures of software or hardware designs. Protected Material that is designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE may be disclosed only to the individuals identified in Paragraphs 7(D)(i)-(ii) below.

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (1) any information that is in the public domain before the date of its disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including information that has become part of the public record through trial or otherwise; and (2) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party, provided that such information does not become known to the Receiving Party by an act or omission of the Receiving Party that would be in violation of this Order.

4.     <u>DURATION</u>

Final disposition of this Action shall not automatically terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations imposed by this Order until a Designating Party agrees otherwise in writing or this Court, or any other court of competent jurisdiction, orders or otherwise directs.  Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including expiration of the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States if applicable.

5.     <u>DESIGNATING PROTECTED MATERIAL</u>

(A)     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates Disclosure or Discovery Material for protection under this Order must take care to limit any such designation to specific material qualifies under the appropriate standards.

If it comes to a Designating Party's attention that Disclosure or Discovery Material that it has designated for protection do not qualify for any protection or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing or altering the mistaken designation.

(B)     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, Paragraph 5(B)(ii) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced to the Receiving Party.

(i)	<u>Information in documentary form</u>.  Information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings) shall be designed by affixing the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" to each page of the document.

(ii)	<u>Originals for inspection</u>.  A Party or Non-Party that makes original documents or materials available for inspection need not mark or designate them for protection in advance of the inspection.  For purposes of the inspection, the original documents or materials for inspection shall initially be considered as marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" during the inspection.  Thereafter, upon the Receiving Party's selection of specific Disclosure or Discovery Material for copying and production, the Producing Party shall affix the appropriate legend, "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" to each page of the copied documents.

(iii)	<u>Transcripts of depositions and other pretrial or trial proceedings</u>.  At the request of any Party, the original and all copies of any transcript, in whole or in part, shall be marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" by the court reporter.  This request may be made either (a) orally on the record at the time the testimony is given, or (b) in writing to the reporter and all Outside Counsel of Record within twenty-one (21) days after the proceeding or deposition.  Deposition transcripts and all information disclosed during the deposition shall be treated by default as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the expiration of the time to make a confidentiality designation unless otherwise specified by a Party at the deposition.  Any portions so designated shall thereafter be

treated in accordance with the terms of this Order.  The use of a document as an exhibit at a deposition or other pretrial or trial proceedings shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend with the appropriate designation on the title page and every subsequent page that the transcript contains Protected Material.  If only portions of a transcript are designated as Protected Material, then the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.

In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Order.

(iv)    <u>Information produced in some form other than documentary and for any other tangible items</u>.  For information produce in some form other than documentary and for tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

(C)    <u>Unintentional Failure to Designate</u>.  Failure to designate qualified Disclosure or Discovery Material by inadvertence does not, standing alone, waive in whole or in part the Designating Party's right to secure protection under this Order for such Disclosure or Discovery Material.  If, through inadvertence, the Producing Party provides any Disclosure or Discovery Material in this Action without designating and marking the Disclosure or Discovery Material as

CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the Disclosure or Discovery Material, and the Receiving Party shall treat the Disclosure or Discovery Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE upon receipt of written notice from the Producing Party. Disclosure of such Disclosure or Discovery Material to persons not authorized to receive that Disclosure or Discovery Material prior to such receipt of written notice from the Producing Party shall not be deemed a violation of this Order. In the event the Disclosure or Discovery Material has been distributed by the Receiving Party in a manner inconsistent with the subsequent categorical designation, the Receiving Party must promptly make reasonable efforts to conform distribution to the categorical designation, including, where applicable, by retrieving or destroying all copies of the Protected Material, or notes or extracts thereof, in the possession of persons not authorized under this Order to possess such Protected Material, advising the person to whom disclosure was made that the material is confidential and should be treated as provided in the Order, and confirming to the Producing Party in writing such return or destruction. The Producing Party may also request the individuals to execute the "Acknowledgment and Agreement To Be Bound" that is attached hereto as Exhibit A. In the event the Receiving Party believes it has been prejudiced by any such inadvertent failure to designate, the Receiving Party may challenge the designation as set forth in Paragraph 6.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

(A)      Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. A Receiving Party does not waive its right to challenge the propriety

of a confidentiality designation by electing not to mount a challenge at the time the designation is made.

(B)    Written Notice, and Meet and Confer.  The Challenging Party shall initiate a challenge to a designation of Disclosure or Discovery Material under this Order by providing written notice to Outside Counsel for the Producing Party, specifically identifying the Disclosure or Discovery Material that the Receiving Party contends should be differently designated, and stating the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  Thereafter, further protection of such Disclosure or Discovery Material shall be made in accordance with the following procedure:

(i)    The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within ten (10) business days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

(ii)    Following the meet and confer, the Designating Party has five (5) business days to consider and address the alleged defects.

(iii)    The Challenging Party may proceed to the next stage of the challenge process set forth in Paragraph 6(C) only if the Challenging Party (a) has engaged in this meet and confer process and the five (5) business day period for the Designating Party to correct the alleged problem has run or (b) establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

(C)     Judicial Intervention.  Subject to Paragraph 6(B), the Challenging Party may seek a ruling that the Disclosure or Discovery Material in question is not entitled to the status and protection of the Designating Party's designation.  The Challenging Party shall comply with the procedures for Discovery Matters and Disputes Relating to Protective Orders as set forth in the Scheduling Order within five (5) business days from the meet and confer, including submission of a joint letter.  The Parties' entry into this Order shall not preclude or prejudice any Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over disclosure or disclosure of information.  Notwithstanding the challenge to a designation, all Parties shall continue to afford the Protected Material in question the level of protection to which it is entitled under the Designating Party's designation until one of the following occurs: (i) the Producing Party that designated the Protected Material in question withdraws such designation in writing; or (ii) the Court rules that the Protected Material in question is not entitled to the designation.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

(A)     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Paragraph 15 below (FINAL DISPOSITION).  Nothing in this Order shall prevent or restrict in any way a Producing Party's own use or disclosure of its own Disclosure or Discovery Material for any purpose. Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in Court or in any Court filing with consent of the Producing Party or by order of the Court.  This Order is without prejudice to the right of any Party to seek further or additional protection of any

Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to persons authorized under this Order.

(B)      Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(i)      the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of record to whom it is reasonably necessary to disclose the information for this Action;

(ii)      the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(iii)      Experts (as defined in this Order) of the Receiving Party (a) to whom disclosure is reasonably necessary for purposes of this litigation, (b) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (c) as to whom the procedures set forth in Paragraph 8(B) below have been followed;

(iv)      the Court and its personnel;

(v)      court reporters and their staff, including stenographic, videographic, and clerical personnel who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(vi)     professional jury or trial consultants[1] retained by a Party in this Action who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A), which does not need to be disclosed to the Designating Party unless the Court for good cause orders otherwise;

(vii)     Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement To Be Bound" (Exhibit A);

(viii)     Authors, drafters, addresses, or anyone else that received the Disclosure or Discovery Material prior to commencement of this Action, or during this Action, but only if they obtained the Disclosure or Discovery Material outside of the Action and not in violation of this Order, provided that, in the case of former employees/consultants of the Producing Party permitted access under this provision, (a) the former employee/consultant otherwise reviews the Order and executes the Acknowledgement of Protective Order attached as Exhibit A prior to receiving the Disclosure or Discovery Material,  and (b) the Disclosure or Discovery Material is shared with the former employee/consultant of the Producing Party only to the extent reasonably necessary for this Action, or in preparation for or during a deposition or Court proceeding in this Action; and

(ix)     Any other person authorized to receive Protected Material designated as CONFIDENTIAL by prior written consent of the Designating Party or by order of the Court.

(C)     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.     Unless otherwise ordered by the Court or permitted in writing by the

---

[1] With respect to mock jury exercises, the Parties may use excerpts of CONFIDENTIAL material in their audio-visual presentations to the mock jurors, and may generally summarize such material in their oral presentations to the mock jurors, provided, however, that each mock juror has executed a confidentiality agreement with the trial consulting firm affirming their commitment to not discuss or disclose anything about the mock jury exercise and provided that no Protected Materials are given in tangible form to the mock jurors and that the mock jurors are not permitted to keep any notes or written materials from the mock jury exercise.

Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(i)     the individuals described in Paragraphs 7(B)(i) and (iii)-(ix) above; and

(ii)     any other person authorized to receive Protected Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by prior written consent of the Designating Party or by order of the Court.

(D)     <u>Disclosure and review of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" only to:

(i)     the individuals described in Paragraphs 7(B)(i) and (iii)-(ix) above; and

(ii)     any other person authorized to receive Protected Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE by prior written consent of the Designating Party or by order of the Court.

The following provisions shall govern the review and production of Source Code:

(iii)     Any Source Code that is produced by either Party shall be made available for inspection in electronic format at the office of the Party's Outside Counsel of Record, or any other location mutually agreed by the Parties in electronic format on stand-alone computer(s). Source Code will be made available for inspection between the hours of 9 a.m. and 5:30 p.m. on business days (*i.e.*, weekdays that are not Federal holidays) where Outside Counsel of Record's office or other agreed upon location is open for business and permitted to have outside visitors.  If a Party's Outside Counsel of Record's office is inaccessible and/or not open for business during the period when source code review is scheduled to occur, the Parties will work in good faith to negotiate a remote source code review option and protocol.

(a)      Prior to the first inspection of any requested Source Code, the parties agree to meet and confer regarding the review and production of Source Code if requested by either Party. Further, the Receiving Party shall provide ten (10) days' notice for its initial review of any Source Code that it wishes to inspect.  The Receiving Party shall provide two (2) days' notice prior to any additional inspections.

(b)      Source Code that is designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)      All Source Code shall be made available by the Producing Party to the Receiving Party's Outside Counsel of Record and/or experts in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room").  The Source Code Computer shall be password protected and shall have the Source Code stored on a hard drive contained inside the computer. The supplier shall produce Source Code in computer searchable format on the Source Code Computer and in the file format in which the Source Code is kept in the ordinary course of the Producing Party's business.  The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code.  No later than seven (7) days before the first inspection of the Source Code (and promptly upon any supplemental production of Source Code), the Producing Party shall serve on the recipient a manifest of the contents of the Source Code Computer that lists the filename and location of each file of Source Code on the Source Code Computer, the operating

system of the Source Code Computer, an identification of the source code language(s) of the Source Code, and the source code review tools on the Source Code Computer.

(ii)    The Producing Party will produce Source Code Material in computer searchable format, including the ability to perform key word searches across the Source Code Material and within any given source code file, on the Source Code Computer(s) as described above.

(iii)    If the Receiving Party believes any additional, reasonably necessary, licensed software tools should be installed on the Source Code Computer(s), the Receiving Party shall provide the CD, DVD or website link(s) containing such tools, to the Producing Party at least ten (10) days before the Producing Party must install and make these software tools available for use on the stand-alone computer.

(iv)    To the extent a Producing Party, in the ordinary course of its business, maintains the source code to be reviewed using a Linux, Unix, Windows, or Mac OS-based system, and one or more software tools requested by the Receiving Party to be installed, pursuant to paragraph 7(D)(iii) above is incompatible with the Linux, Unix, Windows, or Mac OS-based system the Producing Party uses in the ordinary course of its business to maintain the source code to be reviewed, the Producing Party agrees to so notify Receiving Party in writing at least seven (7) days before the Producing Party must install the incompatible review tool pursuant to paragraph 7(c)(iii) above.  The Parties agree to cooperate in good faith to identify a substitute compatible review tool and the Receiving Party agrees to provide the CD, DVD, or website link(s) containing such tools, to the Producing Party at least five (5) days before the Producing Party must install and make the substitute software tools available for use on the stand-alone computer.

(v)    No recordable media or recordable devices, including without limitation sound recorders, personal digital assistants (PDAs), cellular telephones, peripheral equipment,

cameras, voice recorders, Dictaphones, telephone jacks, CDs, DVDs, or drives of any kind (e.g., USB memory sticks and portable hard drives), shall be permitted into the Source Code Review Room. No non-electronic devices capable of similar functionality shall be permitted in the Source Code Review Room.

(vi)     The Receiving Party's Outside Counsel of Record and/or experts shall be entitled to take notes relating to the Source Code but may not copy or transcribe any of the Source Code into the notes.  The taking of photographs or video shall not be permitted in the Source Code Review Room.

(vii)     The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.  Any observer used by the Producing Party may monitor the Receiving Party's representatives during the Source Code review so as to refrain from overhearing a conversation (in order that the Receiving Party's representatives can discuss the Source Code in the course of their review).  During the Receiving Party's review of the Source Code, the Producing Party shall not otherwise interfere with the Receiving Party's review of the Source Code and shall not be permitted access to the Receiving Party's notes, work product, search history, or discussions inside the review room or following each day's inspection of the Source Code.  No copies of all or any portion of the Source Code may leave the Source Code Review Room except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

(viii)     The Receiving Party may request a reasonable number of pages of Source Code to be printed by the Producing Party, but no more than 50 consecutive pages, or an aggregate

total of more than 500 pages.[2]  To the extent Receiving Party requires an aggregate total of more than 500 pages of source code, the Receiving Party shall make such request in writing, including the basis of such a request, and the Parties shall meet and confer to determine whether good cause exists to produce a limited number of additional pages.  The Receiving Party shall not request printing of Source Code in order to review blocks of Source Code elsewhere in the first instance, *i.e.*, as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and printing is permitted only when necessary to prepare Court filings or pleadings or other papers (including a testifying expert's expert report).    The Producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY - SOURCE CODE" any pages requested by the Receiving Party.  Within three (3) business days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party, or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose.  If, after meeting and conferring within two (2) days of any objections, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall within two (2) business days of the meet and confer contact the Court's Judicial Administrator to schedule a discovery dispute argument regarding the Receiving Party's Motion to Compel, and if the motion is granted, the Producing Party shall provide one copy set of the requested pages to the Receiving Party within two (2) days. The printed pages shall constitute part of the Source Code produced by the Producing Party.

---

[2] As an alternative, a Producing Party may at its sole discretion, but is not required to, opt to produce its source code on CD, DVD, or other storage media as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – SOURCE CODE."  The Receiving Party may copy such produced source code of the Producing Party from the medium to a secured computer without Internet access or network access to other computers which must be kept in a secure location at the offices of the Receiving Party's Outside Counsel of Record.

Access to the Source Code Computer shall be limited to two (2) Outside Counsel of Record representing the Reviewing Party and two (2) outside consultants or experts retained by the Reviewing Party and agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.  All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the Source Code Review Room to view the Source Code and when they enter and depart.  The Producing Party shall be entitled to a copy of the log upon seven (7) day's advance notice to the Receiving Party.

(ix)    Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's Outside Counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room and shall maintain any such notes in a manner that prevents duplication of or unauthorized access to the Source Code.  Any such notes must be marked on each page with the designation – "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY – SOURCE CODE."  The Producing Party shall not be responsible for any items left in the Source Code Review Room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the Source Code Review Room following each inspection session without a prior agreement to that effect.  Proper identification of all authorized persons shall be provided prior to any access to the Source Code Review Room or the Source Code Computer.  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship.  Access to the Source Code Review Room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(x)     Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its Outside Counsel.

(xi)     The Receiving Party's Outside Counsel may make no more than four (4) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 7(D) not including copies attached to Court filings or for use at depositions (as indicated in Paragraph 7(D)(xii) below), and shall maintain a log of all paper copies of the Source Code.  The Receiving Party's Outside Counsel of Record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.  No more than a total of five (5) individuals identified by the Receiving Party shall have access to the printed portions of Source Code (except insofar as such code appears in any Court filing or expert report).  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  The Receiving Party may bring copies of the printed Source Code to the deposition unless the Producing Party notifies Receiving Party in advance of the deposition that the Producing Party will provide a Source Code computer at the deposition containing all source code, in computer-searchable format, previously produced by the Producing Party.  Further, the Receiving Party may bring to the deposition copies of any expert reports or pleadings containing source code, including any annotated copies of such documents containing source.

(xii)    Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code) except in preparation for or in connection with: (i) filing (under seal) and service of papers, motions, and pleadings; (ii) expert reports; or (iii) a hearing or trial in this matter.  Any such electronic copies shall be password protected and encrypted.  Any such electronic copies shall be included in the source code log.  Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

8.    <u>CONDITIONS ON ACCESS TO DESIGNATED MATERIAL.</u>

(A)    <u>Experts</u>.  Prior to a Receiving Party giving, showing, disclosing, making available, or communicating Protected Material to any Expert under Paragraphs 7(B)(iii) or 7(C)(i) or 7(D)(i) above, the Party shall:

(i)    Serve a written notice on the Producing Party[3] that includes (a) the name of the Expert; (b) the present employer and title of the Expert; (c) an identification of all of the Expert's past or current employment or consulting relationships within the last five (5) years; (d)

---

[3] For purposes of this provision, the right to object to Experts is expressly limited to the Parties to this Action.  Experts approved to receive Protected Material of the Parties shall be presumptively deemed permitted to receive Protected Material produced by non-parties to the Action.  Non-parties shall have no right to object to the disclosure of materials to Experts approved by the Parties unless any such non-party expressly secured an agreement providing for such approval by the non-party prior to producing documents, electronically stored information, or tangible things in the Action.

an up-to-date curriculum vitae of the Expert; (e) a list by name and number of the case and location of the court of any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five (5) years; and (f) identifies any patents or patent applications in which the Expert is involved in prosecuting or maintaining or has any pecuniary interest.

(ii)     Include with such notice a copy of the "Acknowledgement and Agreement To Be Bound" (Exhibit A), signed by the Expert including all of the information to be completed therein.

(B)     Within five (5) business days of receipt of the disclosure of the Expert, the Producing Party or Parties may object in writing to disclosure to the Expert for good cause.  In the absence of any objection at the end of the five (5) business day period, the Expert shall be deemed approved under this Order.  There shall be no disclosure of Protected Material to the Expert prior to expiration of this five (5) business day period.  If the Producing Party objects to disclosure to the Expert within such five (5) business day period, the Parties shall meet and confer via telephone or in person within five (5) business days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Producing Party objecting to the disclosure will have five (5) business days from the date of the meet and confer to comply with the procedures for Discovery Matters and Disputes Relating to Protective Orders as set forth in the Scheduling Order.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, Protected Materials shall not be disclosed to the Expert in question until the Court resolves the objection, or upon written consent of the Producing Party.

(C)     <u>Authorization and Acknowledgement</u>.  Each person to whom Protected Material is to be given, shown, disclosed, made available or communicated in any way in accordance with

this Order (excluding the Court, qualified court reports, Outside Counsel of Record to any Party in connection with this Action) shall first execute an "Acknowledgement and Agreement To Be Bound" (Exhibit A). Counsel for the Receiving Party shall keep in their files an original of each such executed Acknowledgement of Protective Order until sixty (60) days after the final termination of this Action.

9.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a discovery request, subpoena, court order, or other compulsory service of process that seeks production of or compels disclosure of a Producing Party's Protected Material, that Receiving Party must:

(A)   promptly notify in writing Outside Counsel of Record for the Producing Party within five (5) business days after receipt of the discovery request, subpoena, court order, or other compulsory service of process. Such notification shall include a copy of the discovery request, subpoena, court order, or other compulsory service of process;

(B)   promptly notify in writing the person who served or otherwise caused the discovery request, subpoena, court order, or other compulsory service of process to issue in the other litigation that some or all of the material covered by the discovery request, subpoena, court order, or other compulsory service of process is subject to this Order. Such notification shall include a copy of this Order, as entered in this Action; and

(C)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Receiving Party served with or issued the discovery request, subpoena, court order, or other compulsory service of process shall not produce any information designated in this Action as Protected Material before a determination

by the court hearing the protective order, unless the Party has obtained the Designating Party's written permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10.    NON-PARTY MATERIAL

(A)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as Protected Material. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(B)    All Parties shall be treated as a Receiving Party with respect to any information produced by a Non-Party in this Action. To the extent that a Party obtains relevant discovery or information from a Non-Party via subpoena or otherwise, the Party shall produce the discovery or information to the other Parties within five (5) business days, unless the Party can demonstrate good reason why it is not possible to do so.

11.    INADVERTENT, UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (1) notify in writing Outside Counsel of Record for the Designating Party and provide all known relevant information concerning the nature and circumstances of the disclosure, (2) use its best efforts to retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request

such person or persons to execute the "Acknowledgment and Agreement To Be Bound" that is attached hereto as Exhibit A.

Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Protected Material.

12.    <u>PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

In accordance with Fed. R. Evid. 502(d), the attorney-client privilege or work-product protection is not waived as a result of the disclosure of information in connection with this litigation through inadvertence or error.  Such production of documents or information subject to attorney-client privilege, work-product immunity, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is Protected Material, privileged or protected by the work-product immunity or any other applicable privilege, provided that the Producing Party notifies the Receiving Party in writing promptly upon discovery of the disclosure made through inadvertence or error and provides a privilege log for the inadvertently or unintentionally produced documents, information or other material.  Within five (5) business days of receiving such notice, the Receiving Party shall return such information or documents or confirm in writing that it has taken reasonable steps to permanently delete all electronic copies of such documents from electronic records and to destroy all paper copies.  If the Receiving Party has disclosed the information to others before being notified of the claim of privilege or protection, the Receiving Party must take reasonable steps to retrieve and return or destroy the disclosed information.  No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone after the request that they be returned.

If the Receiving Party disputes the privilege claim, it may seek a court order compelling production of such information (based on information independent of the content of the allegedly

privileged materials in question) by complying with the procedures for Discovery Matters and Disputes Relating to Protective Orders as set forth in the Scheduling Order. If a claim is disputed, the Receiving Party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this paragraph for any purpose until the matter is resolved by agreement of the parties or by a decision of this court. If a Receiving Party becomes aware that it has received documents that are clearly privileged, the Receiving Party receiving the privileged documents will promptly notify the Producing Party of receipt of the documents and, if the Producing Party so requests, shall return or destroy all copies of the privileged documents within ten (10) business days after being advised of the inadvertent production. If the Producing Party does not request return or destruction of the identified privileged documents within this ten (10) day time period, the Producing Party will be deemed to have waived the privilege, but only with respect to the specific documents identified.

13.     PROCEDURES FOR FILING PAPERS WITH PROTECTED MATERIAL. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. Any Protected Material that is filed with the Court shall be filed under seal in accordance with the provisions of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means, effective May 2019.

14.     MISCELLANEOUS

(A)     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by stipulation or by the Court in the future. This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, to release, rescind, or modify the restrictions of this Order.

(B)     <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order.

(C)     <u>Responsibility of Outside Counsel of Record.</u>  Outside Counsel of Record shall be responsible for providing a copy of this Order to all persons required to receive such a copy prior to access to Protected Material under Paragraphs 7(B)(i)-(ix), 7(C)(i)-(iii). 7(D)(i)-(ii) and to employ reasonable measures to control duplication of, access to, and distribution of copies of materials so designated.  All copies, extracts and translations must be appropriately marked and are subject to Paragraph 15 of this Order (FINAL DISPOSITION).

(D)     <u>Admissibility.</u>  Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter and any court proceeding related to this Action.

(E)     <u>Counsel's Right To Provide Advice.</u>  Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's Party-client with respect to this Action, and in the course thereof, relying upon an examination of Protected Material, provided, however, that in rendering such advice and in otherwise communicating with the Party-client, the counsel shall not disclose any Protected Material to anyone not authorized to receive such Protected Material pursuant to the terms of this Order.

(F)     <u>Burdens of Proof.</u>  Notwithstanding anything to the contrary above, nothing in this Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Protected Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(G)     <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the U.S. District Court for the District of Delaware, or the Court's Orders, including the ESI Order. Identification of any individual pursuant to this Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the U.S. District Court for the District of Delaware, or the Court's Orders.

15.     <u>FINAL DISPOSITION</u>

Within sixty (60) days after the latest of any final disposition, as defined in Paragraph 4, of this Action, each Receiving Party must return all Protected Material to Outside Counsel of Record to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Outside Counsel of Record are entitled to retain archival copies of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports and associated exhibits; attorney work product; and consultant and Expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Paragraph 4.

16. <u>OTHER PROCEEDINGS</u>

By entering this Order and limiting the disclosure of information in this Action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Order who becomes subject to a motion to disclose another party's information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE pursuant to this Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

17. <u>JURISDICTION</u>

The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Order. After termination of these Actions, the provisions of this Order shall continue to be binding until a Producing Party agrees otherwise in writing or a court order otherwise directs, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provision of this Order following termination of this litigation.

Dated:  June 9, 2020

OFFIT KURMAN, P.A.

 */s/ R. Touhey Myer*
R. Touhey Myer (DE Bar No. 5939)
222 Delaware Avenue, Suite 1150
Wilmington, DE  19801
Telephone:  302.351.0908
Facsimile:  302.351.0915
touhey.myer@offitkurman.com

*Attorney for Plaintiff APS Technology, Inc.*

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

 */s/ John V. Gorman*
John V. Gorman (DE Bar No. 6599)
Amy M. Dudash (DE Bar No. 5741)
The Nemours Building
1007 North Orange Street, Suite 501
Wilmington, Delaware 19801
Telephone:  302.574.3000
Fax:  302.574.3001
john.gorman@morganlewis.com
amy.dudash@morganlewis.com

*Attorneys for Defendants Vertex Downhole, Inc. and Vertex Downhole, Ltd.*

SO ORDERED this 9th day of June, 2020.

The Honorable Maryellen Noreika
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

APS TECHNOLOGY, INC.,

        Plaintiff,

    v.

VERTEX DOWNHOLE, INC.,
VERTEX DOWNHOLE, LTD.,

        Defendants.

CIVIL ACTION NO: 1:19-cv-01166-MN

**EXHIBIT A - ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Delaware in the above-captioned case. I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

Printed Name: _____

Title: _____

Address: _____

Signature: _____

Date: _____